**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>  v.<br><br>**MILTON RUSSELL CRANFORD,**<br><br>        **Defendant.** | **Case No. 18-03020-01-CR-S-BCW** |

**MOTION OF THE UNITED STATES FOR A PRELIMINARY
ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS**

The United States of America, by its undersigned counsel, respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the following supporting suggestions. A proposed order is submitted with this motion.

**SUPPORTING SUGGESTIONS**

1. On June 7, 2018, the United States filed a one-count Information against the defendant Milton Russell Cranford. Count One charged that the defendant, and others known and unknown to the United States, corruptly gave, offered, and agreed to give a thing of value to any person intending to influence and reward an agent of a local government and an agency thereof, in connection with any business, transaction, or series of transactions of such local government and agency involving something of value of $5,000 or more, in violation of 18 U.S.C. § 666(a)(2).

2. The Forfeiture Allegation of the Information sought forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real or personal, constituting, or derived from, proceeds traceable to the offenses, directly or indirectly, including but not limited

to a personal money judgment against the defendant for an amount that represents proceeds obtained by Milton Russell Cranford, in that such sum in the aggregate, constitutes or is derived from proceeds traceable to the offense set forth in Count One.

3. On June 7, 2018, the defendant Milton Russell Cranford entered into a plea agreement with the United States in which he agreed to plead guilty to Count One of the Information charging violations of 18 U.S.C. § 666(a)(2) and consented to the entry of a money judgment in the amount of $3,726,589.73. The defendant also agreed to forfeit to the United States $17,989 in United States currency that was seized at the time of his arrest.

4. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 981(a)(1)(C), which provides that:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . . of this title, or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense

and 28 U.S.C. § 2461, which provides that:

> If a person is charged in a criminal case with a violation of Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of Title 18 United States Code. The procedures in section 413 of the Controlled Substance Act (21 U.S.C. § 853) apply to all stages of a criminal forfeiture proceedings, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

5. In discussing 21 U.S.C. § 853 and the related provision for forfeiture under 18 U.S.C. § 1963 (RICO), the Senate Report notes that this language "emphasizes the mandatory nature of criminal forfeiture, requiring the Court to order forfeiture in addition to any other

2

penalty imposed." S. Rep. No. 225 98th Cong., 2d Sess. 200, 211, *reprinted in* 1984 U.S. Code Cong. & Ad. News 3383, 3394. Thus, according to the relevant statute, the Court *must* enter a Preliminary Order of Forfeiture in favor of the United States and against the defendant's interests in property found to have been acquired, maintained, or used in violation of the underlying forfeiture statute. *United States v. Viloski*, 814 F.3d 104, 110 n. 11 (2nd Cir. 2016); *United States v. Louthian,* 756 F.3d 295, 306-07 (4th Cir. 2014); *United States v. Bieri*, 68 F.3d 232, 235 (8th Cir. 1995).

      6.      The forfeiture of a certain proceeds dollar amount, as here, is considered an *in personam* money judgment against the defendant that can be satisfied from any property held by or for the benefit of the defendant. *United States v. Benevento*, 663 F. Supp. 1115 (S.D.N.Y. 1987); *United States v. Robilotto*, 828 F.2d 940 (2d Cir. 1987); *United States v. Navarro-Ordas*, 770 F.2d 959, 970 (11th Cir. 1985); *United States v. Conner*, 752 F.2d 566 (11th Cir. 1985); *United States v. Ginsburg*, 773 F.2d 798 (7th Cir. 1985).

      7.      Rule 32.2 (b)(1)(A) and (B), 32.2(b)(2)(A), (b)(2)(C) and (B), and 32.2(b)(3), Federal Rules of Criminal Procedure, provide that:

> (b)(1)(A) As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an Indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> (b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(b)(2)(A) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

(b)(2)(C) If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

>   (i) lists any identified property;
>
>   (ii) describes other property in general terms; and
>
>   (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of money judgment has been calculated.

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

8. Based upon the evidence set forth in the plea agreement, the Government has shown that the defendant Milton Russell Cranford received $3,726,589.73 as a result of Federal Program Bribery. Therefore, the United States has established the requisite nexus for a money judgment against the defendant in the amount of $3,726,589.73.

9. Further, the defendant Milton Russell Cranford agreed to forfeit $17,989 in United States currency that was seized at the time of his arrest. These funds, while not traced

4

directly as proceeds of the offense of conviction, are nonetheless forfeitable as substitute assets. It should be noted that after entry of Final Order of Forfeiture, the United States will credit the $17,989 against the $3,726,589.73 money judgment amount imposed.

10. Further the United States has identified the following assets in which the defendant Milton Russel Cranford has an interest which is not traceable to the money judgment imposed but his interests in which are nonetheless forfeitable as substitute assets[1]. Those assets are:

  a. $95,034.21 representing the defendant's interest in the net proceeds from the sale of the real property located at 432 Sorrento Drive, Osprey, Florida;

  b. The defendant's interest[2] in real property located at 2004 Boca Chica Ave, North Port, Florida and legally described as:

  > All that certain parcel of land situate in the County of Sarasota, State of Florida, described as follows:
  >
  > Lot 60, Block 914 20th Addition to Port Charlotte Subdivision according to the Plat thereof, as recorded in Plat Book 14 Page 8, of the public records of Sarasota County, Florida;

  c. $45,667.00 representing the defendant's interest in real property located at 832 East Hilltop Drive, Rogers, Arkansas; and

---

[1] The United States is aware of the defendant's interest in real property located at 9850 Highway 77, Douglasville, Texas 75560 and in his interest in certain potentially collectible sports memorabilia. At this time, the United States does not seek forfeiture of these property interests as substitute assets. The parties have agreed that the United States may later seek the assets described in this footnote upon the government's inspection and equity analysis. The defendant has represented to the United States that he agrees to allow the government and its agents to enter the real property for appraisal and to inspect the personal property upon its request. The defendant also represented that, while incarcerated, he will not to encumber or otherwise dissipate these assets.

[2] The defendant's interest includes his former spouse's interest in the property conveyed to the defendant pursuant to the property settlement agreement in their Benton County, Arkansas divorce proceedings, *Cranford v. Cranford*, Case No. 04DR-2016-1864-4.

5

d. $500 received by the Federal Bureau of Investigation on January 9, 2018, as funds belonging to the defendant Milton Russell Cranford.

11. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853, the United States will publish for at least 30 consecutive days on the government's official web site, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States Marshal Services' intent to dispose of the property in such manner as the Secretary of Treasury may direct and notice that any person, other than the defendant Milton Russell Cranford having or claiming a legal interest in the property must file a petition with the Court (and serve a copy on Steven M. Mohlhenrich, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

12. In accordance with the provisions of 21 U.S.C. § 853 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the above-listed property and order the United

States Marshal Service and the Department of Treasury to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.  The United States further requests the Court to enter an order directing a money judgment in the amount of $3,726,589.73 against the defendant.

                                      Respectfully submitted,

                                      Timothy A. Garrison
                                      United States Attorney

               By

                                      */s/ Stacey Perkins Rock*
                                      Stacey Perkins Rock
                                      Assistant United States Attorney
                                      Charles Evans Whittaker Courthouse
                                      400 E. 9th Street, Fifth Floor
                                      Kansas City, Missouri 64106
                                      Telephone: (816) 426-3122

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 22, 2019, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, for electronic delivery to all counsel of record.

                                        */s/ Stacey Perkins Rock*
                                      Stacey Perkins Rock
                                      Assistant United States Attorney